# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JULIE GREEN,

        Plaintiff,

v.                                                  Case No. 6:14-cv-1676-Orl-37KRS

DESIREE E. BANNASCH, P.A.;
DESIREE E. BANNASCH; and R. LEE
DOROUGH,

        Defendants.

## ORDER

This cause is before the Court on the following:

1. Defendants' [sic] Desiree E. Bannasch, P.A., Desiree E. Bannasch, and R. Lee Dorough's Joint Motion to Dismiss and Motion to Strike with Memorandum of Law (Doc. 36), filed March 10, 2015; and

2. Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss (Doc. 37), filed March 16, 2015.

Upon consideration, the Court finds that the Motion is due to be denied.

## BACKGROUND[1]

Plaintiff brings this declaratory judgment action seeking to determine the extent of her obligation for fees to her prior lawyers, Defendant attorneys Desiree E. Bannasch and

---

[1] The facts in this section are taken as true and construed in favor of Plaintiff solely for the purpose of this motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). They are not the Court's findings of fact.

R. Lee Dorough and the Defendant firm Desiree E. Bannasch, P.A. (the "Firm"). (Doc. 33.) Defendants were Plaintiff's counsel in prior litigation against Racetrac Petroleum, Inc. ("Racetrac") for personal injuries Plaintiff sustained in November of 2000 (the "Underlying Action"). (*Id.*) In 2006, Plaintiff entered into a contingency fee agreement (the "Agreement") with Bannasch and the Firm to assume her representation in the Underlying Action on retirement of her prior lawyer. (*Id.* ¶¶ 11–13; Doc. 33-1.) The Agreement contained a discharge penalty provision, which provided that, upon discharge of Bannasch and the Firm, Plaintiff would be "responsible for the greater of the total value of attorney's services, or the contingent fee percentage in effect at the time of the discharge for the largest settlement offer prior to the discharge." (Doc. 33, ¶ 14; Doc. 33-1, pp. 1–2.)

After taking on the case, Bannasch introduced Plaintiff to attorney Dorough and told her that Dorough "would sit in the trial to assist Bannasch by passing her notes." (Doc. 33, ¶ 15–16.) "Plaintiff never signed[] a written representation agreement with Dorough or Dorough's law firm, or an agreement authorizing a division of fees between lawyers in different firms." (*Id.* ¶ 18.) Nevertheless, when the Underlying Action went to trial in April of 2012, Dorough acted as lead counsel. (*Id.* ¶¶ 19–20.)

On April 25, 2012, the Underlying Action resulted in a jury verdict "that allocated 100% of the fault to [Racetrac] and awarded Plaintiff $2,100,000.00 in damages." (*Id.* ¶ 21; Doc. 33-2.) Over one year later, on May 1, 2013, Defendants secured final judgment in the Underlying Action, which "awarded the principal amount of $1,951,000.00[2] and

---

[2] While the record before the Court contains no explanation for the difference between the final judgment amount and the verdict, the Court assumes that the likely explanation is a reduction for collateral medical benefits.

2

reserved the state trial court's jurisdiction solely for ruling on taxable costs." (Doc. 33, ¶¶ 22, 26; Doc. 33-3.) No motion for costs was filed. (Doc. 33, ¶ 27.)

Racetrac timely appealed the final judgment, Defendants filed a cross-appeal, and the Florida Fifth District Court of Appeal referred the appeal to appellate mediation. (*Id.* ¶¶ 28–29.) During pendency of post-trial proceedings, Plaintiff became "frustrated" with her counsel over a lack of responsiveness and ultimately terminated her relationship with Bannasch and the Firm. (*Id.* ¶¶ 33; *see also id.* ¶¶ 23–32.)

In August of 2013, Bannasch and Dorough filed motions to withdraw, "but [they] never secured orders from the state trial court confirming their withdrawal." (*Id.* ¶ 34.) On September 9, 2013, Bannasch and Dorough, but not the Firm, filed a Notice of Charging Lien ("Charging Lien") in state court under the case number for the Underlying Action. (*Id.* ¶ 35; Doc. 33-4.)

On September 19, 2013, Plaintiff, represented by new counsel, participated in appellate mediation, which resulted in a settlement agreement with Racetrac for $1,350,000. (Doc. 33, ¶ 36; Doc. 33-5, p. 2.) Effort was made through the mediator to resolve the Charging Lien as part of the appellate mediation, but Bannasch and Dorough "both refused meaningful dialogue regarding their fee claim and made no counter-offer or demand." (Doc. 33, ¶¶ 37–39.) Plaintiff contends she has "communicated her willingness to mediate" the Charging Lien claim and that Bannasch and Dorough "did not agree to participate in mediation before the filing of this action and have thus far not produced documentation supporting their fees and costs claims." (*Id.* ¶¶ 41–42.)

Thereafter, Bannasch and Dorough filed a motion to enforce the Charging Lien with no specific amount of attorney's fees claimed. (*Id.* ¶ 43; Doc. 33-5.) The state court

declined to consider the Charging Lien, having lost jurisdiction to consider the matter due to the appeal from the final judgment which did not reserve jurisdiction for determination of fees. (Doc. 33, ¶ 45; Doc. 33-6.) Bannasch and Dorough did not appeal the state court's dismissal order, nor have they "taken any action to have the amount of their charging lien claim settled or adjudicated since rendition of the amended dismissal order." (Doc. 33, ¶ 46.) On August 25, 2014, Plaintiff made another attempt by letter to settle the Charging Lien claim via tender check in the amount of $505,000.00, and Defendants negotiated the tender check "on or about December 18, 2014." (*Id.* ¶¶ 48–54; Docs. 33-7–33-10.)

Bannasch has advised Plaintiff's current counsel that she and Dorough will accept "no less than fees based on the verdict amount, plus costs" in excess of $145,000.00. (Doc. 33, ¶¶ 61–62.) Plaintiff contends that this state of affairs leaves her in "doubt about her rights and [] the amount of attorney's fees and costs she owes under the limited quantum meruit rule," and she seeks a declaratory judgment pursuant to 28 U.S.C. § 2201. (*Id.* ¶¶ 58–69.) Defendants move to dismiss the action (Doc. 36), Plaintiff opposes (Doc. 37), and the matter is now ripe for the Court's adjudication.

## DISCUSSION

Defendants move to: (1) dismiss the action pursuant to 12(b)(6) for Plaintiff's failure to state a cause of action; (2) dismiss the action or require joinder of Racetrac under 12(b)(7); and (3) strike certain allegations of the Amended Complaint. (Doc. 36.) The Court will address each request in turn.

### I.     Motion to Dismiss Pursuant to Rule 12(b)(6)

In moving to dismiss the action under 12(b)(6), Defendants argue that "plaintiff has failed to plead adequate facts to state a cause of action that would entitle her to relief"

4

and that she has "attempted to state several causes of action in one count."[3] (Doc. 36, pp. 2–3, 4–9.) Indeed, the Amended Complaint is verbose, contains extraneous allegations, and is not a model of clarity. Nevertheless, it states a claim for declaratory relief. (*See* Doc. 33.) To the extent that Plaintiff seeks damages or other relief, the Court notes that such relief is not available.[4]

If a complaint does not comply with minimum pleading requirements or otherwise fails to "state a claim to relief that is plausible on its face," the defendant may seek dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 672, 678–79 (2009). When resolving a Rule 12(b)(6) motion, courts must limit their consideration to the complaint, its attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *e.g.*, *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). Courts also must accept all well-

---

[3] Throughout their motion, Defendants criticize the quality of Plaintiff's pleading, arguing that it "reads more like an angry rant than a Complaint intended to give legal notice to Defendants of actionable wrongs." (Doc. 36, p. 5.) This is true. While in the process of throwing stones, Defendants should assess the quality of their own filing, which: (1) fails to include the relevant legal standards for their grounds for dismissal (*id.* pp. 4, 9, 11, 13); (2) argues that Plaintiff failed to allege elements of claims that she did not plead (*id.* pp. 4–9); and (3) requests to dismiss as moot a claim that Plaintiff did not even assert (*id.* pp. 9–11).

[4] This seems to be a primary concern of the Defendants. (*See* Doc. 36, pp. 4–9 (arguing that Plaintiff is attempting to "plead several causes of action in one count," including legal malpractice, forfeiture, and intentional infliction of emotional distress, but that she fails to allege the elements for any of those causes of action).) However, Plaintiff acknowledges that she is not suing or seeking relief for malpractice, forfeiture, or emotional distress. (Doc. 37, p. 2.) To that extent, the Court rejects Defendants' motion to dismiss "the portions of the Complaint attempting to claim malpractice as moot" (*see* Doc. 36, pp. 9–11) with the observation that the practice of "emotive" pleading rarely illuminates the legal controversy and all too commonly draws a response in kind, which then leaves it to the Court to attempt to discern the actual claim and defenses.

pled factual allegations—but not legal conclusions—in the complaint as true. *Tellabs*, 551 U.S. at 322. Disregarding allegations that "are not entitled to the assumption of truth," the court must determine whether the complaint includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 663, 679 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The Declaratory Judgment Act (the "Act") states that, "[i]n a case of actual controversy," federal courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

> The declaratory judgment remedy is an all-purpose remedy designed to permit an adjudication whenever the court has jurisdiction, there is an actual case or controversy and an adjudication would serve a useful purpose. The act is remedial and is to be liberally construed to achieve its wholesome and salutary purpose.

*Allstate Ins. Co v. Emp'rs Liab. Assurance Corp.*, 44 F.2d 1278, 1280 (5th Cir. 1971). "The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." *Id.*; *see also* Fed. R. Civ. P. 57 (stating that the Federal Rules of Civil Procedure govern declaratory judgment actions). "[T]he threshold question is whether a justiciable controversy exists," *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995), which is determined on a case-by-case basis, *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 68 F.3d 409, 414 (11th Cir. 1995). "For a controversy to exist, 'the facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"

*Atlanta Gas. Light Co.*, 68 F.3d at 414 (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).[5]

Taking the relevant allegations asserted in the Amended Complaint as true, the Court finds that Plaintiff has sufficiently alleged a claim upon which this Court could grant declaratory relief. The Amended Complaint alleges (albeit abstrusely) the existence of an actual controversy over the amounts owed Defendants for their work in the Underlying Action. (*See* Doc. 33 ¶¶ 55, 58, 59, 60, 69; *see also* ¶¶ 13, 18, 20, 33–35, 37–48); *see also Feldkamp v. Long Bay Partners, LLC*, No. 2:09-cv-253-FTM-29SPC, 2010 WL 3610452, *5 (M.D. Fla. Sept. 14, 2010) (finding that a "real and immediate actual, continuing controversy" existed when the "parties [did] not agree as to the appropriate interpretation and application of the contract"). From the Amended Complaint, the Court distills the following: (1) Defendants will "accept no less than fees based on the <u>verdict</u> amount, plus costs" (*id.* ¶¶ 61–62); and (2) Plaintiff contends she does not owe this amount (*id.* ¶¶ 63–66). Plaintiff is unsure (a) how much she owes Defendants under the quantum meruit rule (*id.* ¶¶ 55, 57, 69), (b) whether she even owes Defendant Dorough anything (*id.* ¶ 66), and (c) whether the Charging Lien is valid and enforceable (*id.* ¶ 59). Thus, the Court finds that the parties "have adverse legal interests, that a definite and concrete dispute

---

[5] The Act "confers discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). "[W]here another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties," "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). However, to "dismiss a declaratory judgment action in favor of a state court proceeding that does not exist" would constitute an abuse of discretion. *Fed. Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1236, 1247 (11th Cir. 2000). Because there currently is no pending state law action, the Court will exercise its discretionary jurisdiction over the action.

exists between them, and that an opinion on the merits would not be merely advisory in character," *Argonide Corp. v. In-Tec Water Prods., LLC*, No. 6:09-cv-852-Orl-28DAB, 2009 WL 4667398, *3 (M.D. Fla. Dec. 3, 2009), but would "provide complete relief as to [their] particular controversy," *Gianassi v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1078-Orl-31TBS, 2014 WL 4999443, *4 (M.D. Fla. Oct. 7, 2014).

**II.     Motion to Dismiss Pursuant to Rule 12(b)(7)**

Next, Defendants move to dismiss the Amended Complaint on the ground that Plaintiff failed to join a required party—Racetrac—or, alternatively, to require joinder of Racetrac. (Doc. 36, pp. 11–12.) In support, Defendants assert that Racetrac is a required party because the Charging Lien is assumed to be valid and runs against both Plaintiff and Racetrac, and that Racetrac has an interest in the action because it "assumes the risk that the Plaintiff may or may not have reserved sufficient funds to pay the Defendants' claim for fees and costs." (*Id.* at 12.) Plaintiffs respond that Racetrac is not an indispensable party because, as a Georgia corporation, it would not defeat diversity jurisdiction. (Doc. 37, p. 9.) Additionally, it argues that Racetrac is not a required party that must be joined because the "action concerns only the bilateral professional relationship between Plaintiff and Defendants" and the amount that Plaintiff owes to Defendants is a separate issue not dependent on the Charging Lien. (*Id.* at 8; *see id.* at 8–11.)

A defending party may move to dismiss an action for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Under Rule 19, an action must be dismissed for failure to join an indispensable party. Fed. R. Civ. P. 19(b); *see also Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279 (11th Cir. 2003).

> Rule 19 states a two-part test for determining whether a party is indispensable. First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue.

*Focus on the Family*, 344 F.3d at 1279–80 (quoting *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982)).

If a party meets one of the Rule 19(a)[6] standards and joinder is feasible, then that party is deemed "required" or "necessary," but not "indispensable." *Focus on the Family*, 344 F.3d at 1280. In that case, the standard for dismissal under Rule 19(b) is not met and the appropriate action is for the Court to join that party. *Id.* If, however, the "required" party cannot be joined because, for example, its joinder would defeat diversity, then the Court

---

[6] Rule 19(a) reads, in pertinent part:

(1)  *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as party if:

   (A)  in that person's absence, the court cannot accord complete relief among existing parties; or

   (B)  that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

      (i)  as a practical matter impair or impede the person's ability to protect the interest; or

      (ii)  leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

must determine whether the action should proceed among the parties before it or whether it should be dismissed, the absent party being indispensable. *Id.*; *Mid-Continent Cas. Co. v. Basdeo*, No. 08-61473, 2009 WL 2450386, *2 (S.D. Fla. Aug. 7, 2009) ("[D]ismissal for failure to join an indispensable party is only appropriate where the nonparty cannot be made a party.").

Racetrac's absence is no impediment to an award of complete relief to the existing parties to this action. Nor is Racetrac's interest sufficient to make it a required party. First, Racetrac has not claimed an interest in this action. *See* Fed. R. Civ. P. 19(a)(1)(B) (stating that the party must be joined if it "claims an interest relating to the subject of the action"). Second, Racetrac's ability to protect its interest is not "impaired" or "impeded" by resolution of this suit in its absence. The result of this action has nothing to do with *how* payment would be made to Defendants. Thus, disposition of this action would not result in any practical prejudice to Racetrac. *See* Notes of Advisory Committee on Rules to 1966 Amendment, Fed. R. Civ. P. 19. Third, the Court cannot foresee a situation whereby disposition of this action would subject any of the existing parties to a risk of double, multiple or inconsistent obligations. Fed. R. Civ. P. 19(B)(ii). The Court perceives no reason to impose the hardship of litigation on a party who presumably has evaluated the likelihood of being compelled to respond to a Charging Lien should a subsequent enforcement action be necessary following a declaration of the parties legal obligations. Thus, Racetrac is neither an indispensable nor a required party under Rule 19.

**I.     Motion to Strike Pursuant to Rule 12(f)**

As a final matter, the Court finds that Defendants' motion to strike "certain allegations made in the Amended Complaint as being immaterial and impertinent"

(Doc. 36, pp. 13–14) is due to be denied. "The court *may* strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Courts, however, do not favor motions to strike. *Coca-Cola Foods v. Empresa Comercial Internacional De Frutas S.A.*, 941 F. Supp. 1182, 1184 (M.D. Fla. 1996). The extraneous allegations in the Amended Complaint (Doc. 33) are so numerous that the Court could scarcely know where to begin. The Court declines the invitation.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' [sic] Desiree E. Bannasch, P.A., Desiree E. Bannasch, and R. Lee Dorough's Joint Motion to Dismiss and Motion to Strike with Memorandum of Law (Doc. 36) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 1, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

11